UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAD DEWULF,

        Petitioner,                        Civil No. 10-14129
                                                Honorable Patrick J. Duggan

v.

GREG McQUIGGIN,

        Respondent,
_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT; (2) DENYING AS MOOT PETITIONER'S MOTIONS FOR AN EVIDENTIARY HEARING AND FOR DISCOVERY; AND (3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR PERMISSION FOR LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Tad Dewulf ("Petitioner"), a Michigan prisoner presently confined at the Bellamy Correctional Facility in Ionia, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging his convictions in 1993 for three counts of resisting and obstructing a police officer in violation of Michigan Compiled Laws § 750.479, and being a fourth felony habitual offender in violation of Michigan Compiled Laws § 769.12. Respondent answered the petition by filing a motion for summary judgment on April 15, 2011, in which Respondent contends that the petition is time-barred pursuant to the applicable statute of limitations set forth in 28 U.S.C. § 2244(d)(1). Petitioner filed a "reply" to the motion for summary judgment on May 20, 2011. For the reasons stated below, the Court concludes that Petitioner's application for a

1

writ of habeas corpus is time-barred. The Court therefore is granting Respondent's motion for summary judgment and denying Petitioner's motions for an evidentiary hearing and for discovery. Accordingly, the Court also is entering a Judgment dismissing the petition with prejudice.

## I. Background

On September 21, 1993, Petitioner pleaded *nolo contendere* to the above charges in the Circuit Court for Livingston County, Michigan. On October 8, 1993, the trial court sentenced Petitioner to two to fifteen years in prison.

By his own admission, Petitioner never filed a direct appeal from his conviction and sentence. (Doc. 1 at 23.)

On May 22, 2006, Petitioner filed a post-conviction motion for relief from judgment with the trial court pursuant to Michigan Court Rule 6.500, *et. seq.* After the trial court and the Michigan Court of Appeals denied Petitioner's post-conviction application, collateral review of Petitioner's conviction ended in the state courts on December 21, 2009, when the Michigan Supreme Court denied Petitioner's motion for reconsideration after denying his post-conviction application for leave to appeal. *People v. Dewulf,* 485 Mich. 1012, 775 N.W. 2d 760 (2009).

Petitioner's habeas application is signed and dated September 28, 2010.[1]

---

[1] Under the prison mailbox rule, this Court will assume that Petitioner filed his habeas petition on September 28, 2010, the date that it was signed and dated, although it was filed later with this Court. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

## II. Discussion

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one (1) year statute of limitations applies to an application for writ of habeas corpus filed by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). For purposes of Petitioner's case, the one-year limitations period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Sixth Circuit Court of Appeals has held that prisoners whose convictions became final before the April 24, 1996 effective date of the AEDPA were given a one-year grace period in which they could file their petitions, with the grace period beginning on the statute's effective date. *Austin v. Mitchell*, 200 F.3d 391, 393 (1999), *cert. denied* 530 U.S. 1210, 120 S. Ct. 2211 (2000).

The Sixth Circuit also has held that a conviction becomes final for purposes of § 2244(d) when direct review concludes, rather than when the petitioner has exhausted all state remedies. *Payton v. Brigano*, 256 F.3d 405, 408 (2001), *cert. denied*, 534 U.S. 1135, 122 S. Ct. 1081 (2002). The statute expressly distinguishes between the conclusion of direct review, after which the limitation period begins to run, *see* 28 U.S.C. § 2244(d)(1)(A), and post-conviction remedies during which the limitation period is merely tolled. *Id*. § 2244(d)(2). A state-court judgment becomes "final" for purposes of the AEDPA when direct review by the state court ends or when the time to seek direct review expires, whichever comes later. *Id*. § 2244(d)(1)(A); *see also Wilberger v. Carter,*

35 Fed. App'x 111, 114 (6th Cir. 2002). Petitioner never filed a direct appeal from his convictions. Therefore, his direct review ended on April 8, 1995, when the time limit of eighteen months expired for filing a direct appeal in the Michigan Court of Appeals pursuant to Michigan Court Rule 7.205(F).[2] As Petitioner's conviction became final before the AEDPA's effective date, under the one-year grace period of *Austin*, Petitioner's statute of limitations began to run on April 24, 1996. *Austin*, 200 F.3d at 393. Absent tolling, Petitioner therefore had until April 24, 1997 to timely file his habeas petition.

Petitioner filed his post-conviction motion for relief from judgment in the trial court on May 22, 2006, well after the one year limitations period expired.[3] A state court post-conviction motion that is filed after the limitations period expired cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718, n.1 (6th Cir. 2002); *Webster v. Moore*, 199 F. 3d 1256, 1259 (11th Cir. 2000). Therefore, Petitioner's post-conviction motion did not toll the running of the statute of limitations.

In his habeas application and in his reply to Respondent's motion for summary

---

[2]Pursuant to Michigan Court Rule 7.204(A)(2)(c), a defendant has forty-two days from the date of the judgment of sentence to file an appeal of right with the Michigan Court of Appeals. However, under the rules in effect at the time of Petitioner's sentence, if a defendant fails to timely file an appeal of right, he or she had eighteen months to file a delayed application for leave to appeal. M.C.R. 7.205(F).

[3]Respondent contends in his motion for summary judgment that Petitioner's motion for relief from judgment was filed on June 14, 2006. Petitioner claims the motion was filed May 22, 2006. Even giving Petitioner the benefit of the doubt, the petition is still untimely.

judgment, Petitioner argues that the limitations period should be tolled because the trial judge, the prosecuting attorney, and his own defense counsel committed a "fraud upon the court" by misrepresenting to Petitioner that he had no defense to the resisting and obstructing police officer charges and should plead guilty.  Petitioner claims that he subsequently learned that he had a defense to these charges: that being that the deputies at the Livingston County Jail (who he was charged with resisting and obstructing) had no right to place him in leg shackles (the action he was charged with resisting and obstructing) and Michigan law permits a person to use reasonable force to prevent an illegal arrest.  Petitioner further claims that the prosecutor misrepresented to the trial court at the time of Petitioner's plea that Petitioner could be charged as a fourth felony habitual offender.  According to Petitioner, he in fact only could have been charged as a third felony habitual offender because two of the prior convictions relied upon by the prosecutor occured on the same day and arose out of a single incident.  Petitioner contends that the limitations period did not accrue until he discovered this fraud.

Pursuant to § 2244(d)(1)(D), the AEDPA's one year limitations period begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D); *see also Ali v. Tennessee Bd. of Pardon and Paroles,* 431 F.3d 896, 898 (6th Cir. 2005). As clearly stated, the time commences when the factual predicate for a habeas petitioner's claim *could have been* discovered through the exercise of due diligence, not when it was actually discovered.  Moreover, "under § 2244(d)(1)(D), the time under [which] the

limitations period begins to run is when a petitioner knows, or through due diligence, could have discovered, the important facts for his claims, not when the petitioner recognizes the legal significance of the facts." *Redmond v. Jackson*, 295 F. Supp. 2d 767, 771 (E.D. Mich. 2003) (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)).  A habeas petitioner has the burden of persuading the federal court that he or she exercised due diligence in searching for the factual predicate of the habeas claim(s). *Lott v. Coyle*, 261 F.3d 594, 605-06 (6th Cir. 2001).

Petitioner cannot invoke § 2244(d)(1)(D) to delay the commencement of the limitations period because he was aware of the factual predicate of his claims at the time that he pleaded *nolo contendere.* In his petition for writ of habeas corpus and in an affidavit that he has attached to the petition, Petitioner indicates that he asked his defense counsel to use the illegality of the deputies' actions as a defense to the resisting and obstructing charges, but that defense counsel became angry. (Doc. 1 at 20, Ex. 11 ¶¶ 2, 3.)  Petitioner therefore was aware of the deputies' alleged unlawful conduct as a possible defense to the resisting and obstructing charges at the time he entered his plea.

With respect to the habitual offender charges, Petitioner admits that he attempted to challenge the use of Livingston County Circuit Court Case Nos. 92-7289-FH and 92-7290-FH as separate convictions at the time that he pleaded *nolo contendere*. (*Id.* at 10, Ex. 11 ¶ 4.)  Petitioner also alleges that he informed his trial counsel at the time of the plea that these two separate convictions should be counted as only one predicate offense under the habitual offender statute. (*Id.*) Because Petitioner was aware of the factual

6

predicate of his claims prior to sentencing, he is not entitled to delay the commencement of the limitations period pursuant to § 2244(d)(1)(D).  For the same reason, and others, Petitioner is not entitled to equitable tolling.

Petitioner argues that the limitations period should be equitably tolled because he actually is innocent of charges for which he was convicted.  The Sixth Circuit has held that the AEDPA's statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851 (1995).  *See Souter v. Jones*, 395 F. 3d 577, 599-600 (6th Cir. 2005).  Under this standard:

> [T]he threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." [*Schlup*] at 317, 115 S. Ct. 851.  To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 115 S.Ct. 851. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L.Ed.2d 828 (1998).  "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence– whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence– that was not presented at trial."  *Schlup*, 513 U.S. at 324, 115 S. Ct. 851.

*Souter*, 395 F.3d at 590 (footnote omitted).  The Supreme Court has warned that the actual innocence exception should "remain rare" and "only be applied in the extraordinary case."  *Id.* (quoting *Schlup,* 513 U.S. at 321, 115 S. Ct. at 864).

For the reasons discussed above, Petitioner cannot show that he has "*new* reliable evidence" to support his claims of innocence.  Petitioner also fails to show that he is

*factually* innocent of the resisting and obstructing police officer charges so as to toll the limitations period. Petitioner does not deny resisting or obstructing the police officers, but claims that he had the right to use reasonable force to defend himself from an illegal arrest. Petitioner's claim that he acted in self-defense amounts to a claim of legal innocence, as opposed to factual innocence, and therefore does not toll the limitations period. *See e.g. Harvey v. Jones*, 179 Fed. App'x 294, 298-99 (6th Cir. 2006) (collecting cases). Similarly, Petitioner is not entitled to equitable tolling based on his contention that he is actually innocent of the fourth felony habitual offender charges because the state court treated two resisting and obstructing convictions as separate convictions rather than a single conviction. *Craig v. White*, 227 Fed. App'x 480, 481-82 (6th Cir. 2007) (rejecting the petitioner's claim that he was entitled to equitable tolling because the state court misapplied Michigan's habitual offender statute because "[w]here a petitioner asserts actual innocence solely based on his interpretation of the law . . . *Souter*'s actual innocence exception does not apply.")

Finally, Petitioner claims that dismissing his habeas petition pursuant to the AEDPA's statute of limitations would violate the Suspension Clause of the United States Constitution, U.S. Const. art. I, § 9 cl. 2.[4] "Like every other court of appeals to address the issue, [the Sixth Circuit Court of Appeals] has held that AEDPA's one-year statute of

---

[4] In his reply brief, Petitioner also argues that Respondent failed to address the merits of his claims, choosing instead to rely solely on a statute of limitations defense. A habeas court does not reach the merits of an untimely petition, however.

8

limitations does not improperly suspend the writ of habeas corpus." *Hill v. Dailey*, 557 F.3d 437, 438 (6th Cir. 2009) (citing cases).

### III.  Conclusion

For the reasons set forth above, the Court concludes that Petitioner filed his application for habeas relief beyond the AEDPA's one-year limitations period and that he is not entitled to equitable tolling.  The petition, therefore, is time-barred.

Petitioner also has filed motions for an evidentiary hearing and for discovery.  In light of the fact that the petition is time-barred, the Court is denying the motions as moot. The Court also is denying Petitioner a certificate of appealability.

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  When a district court denies a habeas petition on the merits of the claims presented, a certificate may issue if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000).  However, when a district court denies habeas relief on procedural grounds without reaching the petitioner's constitutional claims, a certificate may issue if the petitioner shows that jurists of reason would find it debatable whether (1) the petition states a valid claim of a denial of a constitutional right; *and* (2) the district court was correct in its procedural ruling.  *Id*. at 484-85, 120 S. Ct. at 1604. Reasonable jurists would not find debatable the Court's determination that Petitioner's habeas petition is time-barred.  For that reason, the Court also finds that any appeal of its

decision would be frivolous and it, therefore denies Petitioner leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS ORDERED**, that Respondent's motion for summary judgment is **GRANTED**;

**IT IS FURTHER ORDERED**, that Petitioner's motions for an evidentiary hearing and discovery are **DENIED AS MOOT**;

**IT IS FURTHER ORDERED**, that Petitioner is denied a certificate of appealability and leave to appeal *in forma pauperis.*

Date: August 18, 2011     s/Patrick J. Duggan
                          United States District Judge

Copies to:
Tad Dewulf, #228863
Bellamy Creek Correctional Facility
1727 West Bluewater Highway
Ionia, MI 48846

Linus R. Banghart-Linn, Esq.